**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARIO HERNANDEZ-RODRIGUEZ,

    Defendant - Appellant.

No. 05-1267

(D. Colorado)

(D.C. No. 03-CR-572-B)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Circuit Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant/appellant Mario Hernandez-Rodriguez pled guilty, pursuant to a plea agreement, to one count of unlawful reentry by a previously deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to seventy months' imprisonment. He appealed his sentence, and we remanded his case for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). On remand, he was again sentenced to seventy months' imprisonment. Hernandez-Rodriguez appeals, and we affirm.

Hernandez-Rodriguez's plea agreement stated that: he "is a citizen of Mexico;" "[o]n November 1, 1999, [he] was convicted of Corporal Injury to Spouse," in violation of Cal. Penal Code § 273.5; "[h]e was deported from the United States on July 10, 2000;" and he "returned to the United States and was found in Colorado on or about October 29, 2003. He did not have permission from the United States government to reenter the United States." Plea Agreement at 3, R. Vol. I, tab 16.

The agreement also included a tentative and preliminary calculation of his sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"). The agreement stated that Hernandez-Rodriguez's base offense level was 8, that the offense level was increased by 16 levels because Hernandez-Rodriguez had been convicted of a felony that is a crime of violence, that he was entitled to a downward adjustment for acceptance of responsibility,

and that his total adjusted offense level was therefore 21. The plea agreement's tentative criminal history computation placed Hernandez-Rodriguez at a criminal history category III, based upon an additional conviction for committing "corporal injury to spouse" and a misdemeanor conviction for disobeying a court order. The agreement stipulated that "if no other information were discovered," Hernandez-Rodriguez's criminal history category would remain a III. Id. at 4. With a total offense level of 21 and a criminal history category of III, Hernandez-Rodriguez's Guideline range was 46-57 months. The agreement specifically noted, however, that:

> in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level of 21 above could conceivably result in a range from 37 months (bottom of Category I), to 96 months (top of Category VI). The sentence would be limited, in any case, by the statutory maximum [of twenty years].

Id. at 5.

When the probation office prepared Hernandez-Rodriguez's presentence report ("PSR"), it was discovered that Hernandez-Rodriguez's criminal history was much more extensive. The PSR identified five prior convictions for violating a court order, resisting a peace officer, violating a restraining order, giving false information to a police officer, and driving under the influence, along with the two convictions already identified for corporal injury to a spouse. It did not assess criminal history points for four other prior convictions (twice for battery,

once for driving under the influence and once for petty theft) because of the age of those convictions. These additional criminal history points placed Hernandez-Rodriguez in a criminal history category of V which, with his adjusted total offense level of 21, resulted in a Guideline range of 70-87 months.

The probation office recommended a sentence of 76 months, stating that Hernandez-Rodriguez's "history of domestic violence and excessive drinking reflects that he poses a risk to the community," and that "[a] sentence within the middle of the guideline range is recommended to achieve the sentencing purposes of punishment, deterrence and protection of the public." PSR at R-1 to R-2, R. Vol. V.

Hernandez-Rodriguez filed objections to the PSR and filed a motion for downward departure from criminal history category V, on the ground that that criminal history category "significantly over-represent[ed] the seriousness of his criminal history." Def.'s Mot. to Depart Downward at 2, R. Vol. I, tab 25. The government opposed both those arguments.

Hernandez-Rodriguez's sentencing hearing was continued twice. In the interim, the Supreme Court issued its decision in Blakely v. Washington, 542 U.S. 296 (2004). [1] Hernandez-Rodriguez filed a motion to have the Guidelines declared

---

[1] In Blakely, the Court considered the state of Washington's sentencing scheme and held that the Sixth Amendment prohibited the imposition of a
(continued...)

unconstitutional in light of Blakely , which the district court denied. After denying his motion for a downward departure, and after concluding that Hernandez-Rodriguez's prior convictions for corporal injury to a spouse were crimes of violence, the district court sentenced him to seventy months.

On remand from our court following Booker , in which the Supreme Court applied Blakely 's rationale to the federal Sentencing Guidelines, the probation office prepared an addendum to the PSR analyzing the sentencing factors contained in 18 U.S.C. § 3553(a) in the context of this case. The addendum noted that, while Hernandez-Rodriguez was not engaged in any illegal activity at the time of his arrest, other than his illegal presence in the country, his "criminal history is characterized by domestic violence and excessive drinking." Addendum on Remand at A-1, R. Vol. V.

At his second sentencing hearing, the district court observed:

> If acknowledging the logic and common sense and the reason expressed in the Sentencing Guidelines is inappropriate deferral to the Sentencing Guidelines, I'm sorry, but I think some deference is not only necessary, but it's required by the very terms of the statute and by Booker . . . . This is not to say that they are definitive and it is obviously not to say that they are mandatory.

---

[1](...continued) sentence based on facts unless those facts were "reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303.

Tr. of Sentencing at 14, R. Vol. IV.  The court went on to state that "looking at the criminal history in this case, whether the Guidelines are consulted or not, it defies reason to say that the criminal history in this case even over-represents its seriousness or propensity for recidivism, much less significantly over-represents it." Id.  The court accordingly once again refused to depart downward from the Guideline range.

The court then again calculated Hernandez-Rodriguez's sentence under the Guidelines, analyzing carefully the statutory sentencing factors contained in § 3553(a).  Hernandez-Rodriguez argues that the court erred when it stated that the Guidelines are entitled to "some deference" and that the sentence imposed is unreasonable. [2]  We disagree.

Booker requires that any sentence imposed be reasonable.  In reaching such a sentence, district courts are to "consult[] . . . the advisory Guidelines and the factors listed in 18 U.S.C. § 3553(a)."  United States v. Corchado, 427 F.3d 815, 821 (10th Cir. 2005).  Furthermore, we have recently rejected the argument that

_____

[2]The government argues that, while the degree of deference to which the Guidelines are entitled post-Booker could be viewed as a question of law reviewable de novo, we should review this issue for plain error only in this case because Hernandez-Rodriguez failed to object to the district court's statement about deference or, more generally, its methodology in calculating his sentence. We conclude that Hernandez-Rodriguez's argument would fail under any standard of review.

the Guidelines are not entitled to deference when defendants are sentenced after

Booker :

> Booker instructs that trial courts, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Further, the opinion indicates that trial courts must accord deference to the Guidelines: "These features of the remaining system, while not the system Congress enacted, nonetheless continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary." Thus, we decline Defendant's invitation to dilute the influence of the Guidelines upon . . . his sentence.

United States v. Crockett , No. 04-4204, 2006 WL 226021, at *10 (10th Cir., Jan. 31, 2006) (quoting Booker , 125 S. Ct. at 767). It is evident from the record that the district court was very familiar with the case and with Hernandez-Rodriguez's arguments. The court carefully examined the Guidelines, the PSR and the statutory factors in reaching the sentence imposed. Hernandez-Rodriguez's quarrel with the district court's exercise of its discretion to calculate his sentence does not convince us that the sentence is unreasonable.

We conclude that the sentence is reasoned and reasonable and must be AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-7-